UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:14-CV-00342-TBR

LACANDA MARTIN                                                                                          Plaintiff,

v.

UPS SUPPLY CHAIN SOLUTIONS                                                              Defendant.

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon the Motion to Remand of Plaintiff LaCanda Martin. (Docket No. 4.) Defendant UPS Supply Chain Solutions ("UPS") has responded. (Docket No. 7.) Martin has filed no reply, and the time to do so has elapsed. This matter is therefore ripe for adjudication. For the reasons explained below, Martin's Motion to Remand will be GRANTED.

### Procedural History

Martin, formerly a UPS employee, originally filed her Complaint in the Circuit Court of Jefferson County, Kentucky, alleging disability discrimination, workers' compensation retaliation, and retaliatory discharge against the company. (Docket No. 1-1.) The Complaint specified that although the amount in controversy exceeded the jurisdictional limits of the Jefferson Circuit Court, it totaled less than $75,000. (Docket No. 1-1 at ¶ 3.)

UPS timely removed the matter to this Court based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Docket No. 1.) Martin then filed the instant Motion to Remand, alleging that the amount in controversy does not exceed $75,000. (Docket No. 4.) With her Motion, she included a stipulation signed by her counsel asserting that she "will not seek or accept an award of damages in excess of $74,999.00 inclusive of punitive damages, attorneys' fees, and the fair value of any injunctive relief." (Docket No. 4-1.)

1

UPS contests Martin's assessment of damages, arguing that the reasonable value of Martin's statutory and common law claims, including attorney fees and punitive damages, exceeded $75,000 at the time of removal. UPS further contends that Martin's post-removal stipulation does not constitute an unequivocal statement limiting damages and other relief to $75,000 or less.

**Analysis**

Generally, a civil case brought in a state court may be removed by a defendant to federal court only if the action is one over which the federal court could have exercised original jurisdiction. *See* 28 U.S.C. § 1441, 1446. A federal district court enjoys "diversity" jurisdiction over all civil actions between parties who are "citizens of different States" so long as "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(a)(1). The parties do not dispute that their citizenships are diverse; therefore, complete diversity is satisfied. Therefore, the Court confronts two issues: first, whether the reasonable value of Martin's claims exceeded $75,000 at the time of removal, and second, whether her post-removal stipulation destroyed the $75,000 threshold amount for diversity jurisdiction. The Court will consider each question in turn.

Federal jurisdiction in a diversity case is determined at the time of removal. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871(6th Cir. 2000). Because federal courts are courts of limited jurisdiction, any ambiguities or doubts regarding federal jurisdiction should be construed in favor of remanding the case to state court. The defendant bears the burden of demonstrating that removal was proper. Should the defendant fail to make the requisite showing, the federal court lacks subject matter jurisdiction to hear the case. *See Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006) (quoting *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993)).

The Kentucky Rules of Civil Procedure disallow plaintiffs from articulating in their complaint the specific amount that they seek to recover. *See* Ky. R. Civ. P. 8.01(2) ("In any action for unliquidated damages the prayer for damages in any pleading shall not recite any sum as alleged damages other than an

allegation that damages are in excess of any minimum dollar amount necessary to establish the jurisdiction of the court . . . ."). This rule presents federal courts sitting in the Commonwealth with a familiar issue: state court complaints have been removed to federal court and therefore do not articulate a specific amount of monetary relief requested. What is more, Kentucky's procedural rules allow plaintiffs to recover more in damages than what they seek in their complaints. *See* Ky. R. Civ. P. 54.03 ("[E]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."). Accordingly, even if a plaintiff could state the amount of damages he seeks in his complaint, this figure would not necessarily limit the ultimate award— often leaving defendants without a clear guidepost as to whether federal jurisdiction might attach.

Congress has recently clarified how the amount in controversy should be established in Kentucky and other jurisdictions where certain procedural rules make the question a cloudy one. The newly amended 28 U.S.C. § 1446 explains that when "the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2)(B); *see also Proctor v. Swifty Oil Co., Inc.*, 2012 WL 4593409, at *2 (W.D. Ky. Oct. 1, 2012). Because UPS seeks removal, this burden belongs to it: the company must initially demonstrate by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold of $75,000. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001). Should UPS satisfy this requirement, the Court will then turn to whether Martin's post-removal stipulation defeats federal jurisdiction by unequivocally limiting damages to less than $75,000. *See Jester v. Kenco Logistics Servs., LLC*, 2013 WL 6072994 at *1 (W.D. Ky. Nov. 18, 2013).

The Court first notes that although Martin's complaint states that she is seeking less than $75,000, this statement itself cannot defeat diversity jurisdiction. Kentucky plaintiffs are afforded substantial flexibility to amend their complaints; as such, Martin could choose to increase the amount she seeks as

the litigation progresses. *See Cook v. Estate of Moore*, 2012 WL 5398064 (W.D. Ky. Nov. 2, 2012). Moreover, Kentucky Rule of Civil Procedure 8.01(a) allows for only "a short and plain statement . . . showing that the pleader is entitled to relief." "Therefore, Plaintiff's exacting statement in her Complaint was not procedurally proper, and could be ignored or amended at a later time in these proceedings." *Cook*, 2012 WL 5398064, at *1.

The Court next turns to the allegations in the notice of removal. "The party requesting removal must set forth, in the notice of removal, specific facts supporting the assertion that the amount in controversy exceeds the amount required by statute." *Suwala v. Progressive Ins. Co.*, 2005 WL 2076490 (E.D. Ky. 2005) (quoting *Nat'l Rail Corp. v. Moore*, 139 F. Supp. 2d 848, 849 (W.D. Mich. 2001)). In its notice of removal, UPS emphasizes that Martin seeks damages for past lost wages, future lost wages, emotional distress, mental anguish, humiliation, and embarrassment, as well as punitive damages and attorneys' fees. As UPS notes, this Court has acknowledged a "near certainty" that the amount in controversy will exceed $75,000 in employment cases like this one. *Proctor v. Swifty Oil Co., Inc.*, 2012 WL 4593409 at *2 (citing *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 776 (W.D. Ky. 2002) ("'Defendant can easily make the case that the claims are more likely than not to reach the federal amount in controversy requirement' where the 'Plaintiff alleges termination due to age and sex discrimination lost wages, benefits, humiliation, and embarrassment; and willful, malicious and outrageous conduct.'")).

Despite Martin's attempt to thwart federal jurisdiction in her Complaint, the Court agrees with UPS that the amount in controversy more likely than not exceeds $75,000. Although the Court lacks information concerning Martin's hourly wage or salary, the Complaint notes that she worked for UPS for approximately seven years. She alleges that during this time, UPS allegedly "perceived and regarded [her] as disabled," discriminated and retaliated against her, and ultimately terminated her employment in retaliation for her complaints. (Docket No. 1-1 at ¶¶ 5-8.) Martin also seeks punitive damages, further escalating the amount in controversy. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 424-26 (2003) (embracing a punitive-to-compensatory damages ratio near 4-to-1). Finally, the addition

of Martin's claims for emotional distress, mental anguish, humiliation, and embarrassment, plus future lost wages and attorney's fees, convince the Court of the likelihood that at least $75,000 is at stake in this case.

This determination, however, does not result in the case's remand unless the Court also concludes that Martin's post-removal stipulation is without effect. In his unsworn stipulation, Martin's counsel declares that "Plaintiff will not seek or accept an award of damages in excess of $74,999.00 inclusive of punitive damages, attorneys' fees, and the fair value of any injunctive relief." (Docket No. 4-1.) Such post-removal stipulations are generally disfavored: "If the plaintiff were able to defeat jurisdiction by way of a post-removal stipulation, they could unfairly manipulate proceedings merely because their federal case begins to look unfavorable.'" *Proctor*, 2012 WL 4593409, at *3 (quoting *Rogers*, 230 F.3d at 872)); *see also Agri-Power, Inc. v. Majestic JC, LLC*, 2013 WL 3280244, at *3 (W.D. Ky. June 27, 2013). Thus, as the Sixth Circuit advises, "a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court." *Rogers*, 230 F.3d at 872.

However, where a state prevents a plaintiff from pleading a specific amount of damages—as is the case in Kentucky—and the plaintiff provides specific information about the amount in controversy for the first time in a stipulation, this district considers such stipulations as a *clarification* of the amount in controversy rather than a *reduction* of such. *See, e.g.*, *Proctor*, 2012 WL 4593409, at *3. Accordingly, this Court has recognized that a plaintiff may stipulate that it neither seeks, nor will accept, damages in an amount exceeding $75,000, and that such a stipulation will destroy the amount-in-controversy requirement for diversity jurisdiction. *See, e.g.*, *Agri-Power*, 2013 WL 3280244, at *3-4; *Spence v. Centerplate*, 931 F. Supp. 2d 779, 781-82 (W.D. Ky. 2013). Still, "only where that clarifying stipulation is unequivocal will it limit the amount of recoverable damages and warrant remand." *Proctor*, 2012 WL 4593409, at *3 (citing *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2dd 774, 778 (W.D. Ky. 2002)).

This Court has recently issued several decisions that guide its analysis here. First, in *Egan v. Premier Scales & Systems*, the plaintiff executed an affidavit stating that she "will accept a sum of $74,999 exclusive of interest and costs as a judgment regardless of what any court finds in excess of that amount." 237 F. Supp. 2d at 775. The Court determined that this statement was less than equivocal, reasoning that the plaintiff had not actually limited the amount of a potential judgment: "To merely say that one will not accept money in excess of a certain amount limits neither the judgment nor the demand." *Id.* at 778.

By contrast, in *Van Etten v. Boston Scientific Corp.*, the plaintiff stated in his motion to remand that he "hereby certifies to the Court that he will not be making a claim nor pursuing damages in amount equal to or exceeding the sum of $75,000.00" 2009 WL 3485909, at *1 (W.D. Ky. Oct. 23, 2009). There, the Court found that "[o]n its face, Plaintiff's statement leaves no doubt or out. As such, it does meet the Court's minimum requirement of being an unequivocal stipulation that he will seek less than $75,000 in damages in his complaint." *Id.*; *accord Spence*, 2013WL 1163991, at *2 (finding unequivocal a plaintiff's stipulation that read: "Plaintiff expressly asserts . . . that Plaintiff will not seek *or accept* an award of damages in excess of $74,999.00 inclusive of punitive damages, attorneys' fees, and the fair value of any injunctive relief." (emphasis in original)). The Court reached the same result in *Agri-Power, Inc. v. Majestic JC, LLC*, in which the plaintiff stipulated that it "seeks to recover . . . $24,000.00 in compensatory damages, together with punitive damages not to exceed $24,00.00 [and] will not accept an award of damages that exceeds $50,000.00 in total, exclusive of interest and costs." 2013 WL 3280244, at *4. Applying *Egan*, *Van Etten*, and *Spence*, the Court concluded that a plain reading of the plaintiff's stipulation "leaves [him] little room to escape the bounds of his stipulated restrictions." *Id.*

Here, because Martin's stipulation mirrors that of *Pence*, the Court need not depart from the logic of *Spence*'s holding: as"[a] plain reading of the stipulation leaves Plaintiff no room to escape the bounds of its restrictions," *id.*, Martin's stipulation effectively constrains her recovery. Although her actual damages may be proven in an amount exceeding $75,000, the Kentucky state court will be forced to rely

6

on this Stipulation to prevent the award of damages from exceeding the maximum that she stipulated. As the United States Supreme Court recently held, stipulations such as this one are "binding and conclusive . . . and the facts stated are not subject to subsequent variation." *Christian Legal Soc'y Chapter of the Univ. of Cal., Hastings Coll. of Law v. Martinez*, 561 U.S. 661, 677 (2010) (quoting 83 C.J.S., *Stipulations* § 93 (2000)). Thus, "[s]tipulations must be binding" because they amount to an "express waiver made . . . by the party or his attorney conceding for purposes of the trial the truth of some alleged fact." *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1344, 1348 (2013) (quoting 9 J. Wigmore, *Evidence* § 2588, 821 (J. Chadbourn rev. 1981)).

The Court recognizes that a party may, for whatever reason, seek to use the stipulation mechanism as a tactic to avoid federal diversity jurisdiction. Here, however, the Court remains convinced that Martin will be limited to recovering an amount not to exceed that set forth in her express Stipulation.

### Conclusion and Order

In accordance with the above analysis, the Court finds that, at the time of removal, UPS proved that it was more likely than not that the amount in controversy exceeded $75,000. However, the Court further concludes that Martin's stipulation makes remand appropriate, as it both prevents the Court from exercising subject matter jurisdiction and effectively limits Martin's recovery in the state courts.

Accordingly, it is hereby ORDERED that Martin's Motion to Remand, (Docket No. 4), is hereby GRANTED. This case is REMANDED to Jefferson Circuit Court.

cc: Counsel